IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02170-BNB

DAVID HOVER,

Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
TONY CAROCHI, Deputy Director of Prisons, C.D.O.C.,
C.C.A. DBA Bent County Corr. Fac., (Warden Sloan),
AMICK 7 JENKS INC. (Jeffrey Jenks),
WESTERN CLINICAL SERVICES (C.E.O.),
C/O TUPPER, in his personal capacity,
UNKNOWN, C/O JOHN DOE, in his personal capacity, and
UNKNOWN CONTRACTORS/SUBCONTRACTORS of C.C.A./D.O.C.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
                    CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, David Hover, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Hover filed *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 18 U.S.C. § 1514(a) for money damages and injunctive relief.

Mr. Hover has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe liberally Mr. Hover's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hover will be ordered to file an amended complaint.

Mr. Hover attempts to assert criminal charges against the defendants. He may not pursue these claims pursuant to the federal criminal statute which he cites. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g.*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Mr. Hover lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Mr. Hover asserts seven claims, each of which is vague and conclusory and fails to allege any personal participation of the named defendants, and some of which contain acronyms he fails to explain. For example, in his first claim he alleges that a private contractor made decisions that cost him earned-time credits. In his second claim, he alleges that he was denied equal protection and due process in regards to what appears to be a disciplinary hearing. His third claim alludes to three transfers, allegedly for reporting prison officials and "C.C.A. employees" for violating his civil rights. *See* (ECF No. 1) at 7. In claim four, he claims that his conviction on disciplinary charges violates the Ex Post Facto and Double Jeopardy clauses. Claim five again protests his conviction on disciplinary charges. Claim six concerns the alleged removal

or destruction of his property after being placed in segregation. Finally, claim seven concerns his loss of four days of earned-time credits.

As a result, Mr. Hover's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. To state a claim in federal court, Mr. Hover's "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007).

Mr. Hover fails to set forth a short and plain statement of his claims showing he is entitled to relief. Speculating about Mr. Hover's claims is not a judicial function. Nor is it defendants' responsibility. Mr. Hover must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint, Mr. Hover must allege, simply and concisely, his specific claims for relief. He must not set forth an unnecessary discussion of insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Hover will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Hover must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Hover must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hover must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Governor John Hickenlooper, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Hover may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Hover uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Hover, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, David Hover, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Hover shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Hover fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to amend (ECF No. 8) is denied as unnecessary. It is

FURTHER ORDERED that the motions for conference to expedite and simplify discovery (ECF No. 9) and for assistance in service (ECF No. 10) are denied as premature.

DATED September 26, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02170-BNB

David Hover
Prisoner No. 134049
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk