IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02170-BNB

DAVID HOVER,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
TONY CAROCHI, Deputy Director of Prisons, C.D.O.C.,
C.C.A. DBA Bent County Dorr. Fac., (Warden Sloan),
AMICK 7 JENKS INC. (Jeffrey Jenks),
WESTERN CLINICAL SERVICES (C.E.O.),
C/O TUPPER, in his personal capacity,
UNKNOWN, C/O JOHN DOE, in his personal capacity, and
UNKNOWN CONTRACTORS/SUBCONTRACTORS of C.C.A./D.O.C.,

    Defendants.

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on the motion for a protective order pursuant to Rule 65(b)(1)(A) (ECF No. 3) that Plaintiff, David Hover, filed *pro se* with the Court on August 19, 2011. Mr. Hover is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.

In the motion for protective order, Mr. Hover complains that the defendants retaliated against him and caused him to be written up for possession of another inmate's legal work. He asserts that he needs protection so that he is not transferred to another facility unless medically necessary; not transferred within his current facility except to the cell he previously occupied with his cellmate; provided with the services he

received prior to July 6, 2011; and provided with other relief.

The Court must construe the motion liberally because Mr. Hover is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the motion will be construed liberally as a motion for temporary restraining order, and will be denied.

A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. See Fed. R. Civ. P. 65(b). Mr. Hover does not demonstrate that he will suffer immediate and irreparable injury if no temporary restraining order is issued. Therefore, the motion for a temporary restraining order (ECF No. 3) will be denied.

Accordingly, it is

ORDERED that the motion for a temporary restraining order (ECF No. 3) that Plaintiff, David Hover, filed with the Court on August 19, 2011, and which the Court has treated as a motions for temporary restraining order, is denied.

DATED at Denver, Colorado, this __26th__ day of ___September___, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02170-BNB

David Hover
Prisoner No. 134049
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk