IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02170-BNB

DAVID HOVER,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
TONY CAROCHI, Deputy Director of Prisons, C.D.O.C.,
C.C.A. DBA Bent County Corr. Fac.,
AMICK & JENKS INC.,
CORRECTIONAL HEALTH PARTNERS (W.C.S.)
C/O TUPPER, C.D.O.C.,
C/O MEIS, C.D.O.C.,
C/O ALCORN, C.D.O.C.,
C/O BRUBAKER, C.D.O.C. P.P.M.U.,
C/O CHAVEZ, C.C.A. Unit Manager,
UNKNOWN, JOHN DOE, C/O C.D.O.C.,
COMPASS GROUP,
COMPASS ONE, L.L.C,
CANTEEN SERVICES, and
UNKNOWN COMPANYS [sic]/CORPORATIONS,
CONTRACTING/SUBCONTRACTING for C.D.O.C. AND/OR C.C.A. as medical
    providers during the time period 2007 through 2011 at Fremont facility, Fort
    Lyons facility, Ben County Correctional Facility, and Sterling Correctional facility,

    Defendants.

ORDER VACATING DISMISSAL

Plaintiff, David Hover, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Hover filed *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 18 U.S.C. § 1514(a) for money damages and injunctive relief.  He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 26, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Hover to submit within thirty days an amended complaint that (1) did not assert jurisdiction pursuant to criminal statutes because private citizens cannot prosecute criminal actions, (2) complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and (3) alleged the personal participation of each named defendant. The September 26 order directed Mr. Hover to obtain the Court-approved Prisoner Complaint form, with the assistance of his case manager or his prison facility's legal assistant, and the applicable instructions at www.cod.uscourts.gov. The September 26 order also warned Mr. Hoover that, if he failed to file an amended complaint as directed within the time allowed, the complaint and the action would be dismissed without further notice.

On November 3, 2011, the Court dismissed the instant action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and entered judgment on the basis that Mr. Hover failed within the time allowed to file an amended complaint as directed or otherwise to communicate with the Court in any way, and that he failed to prosecute. However, it has come to the Court's attention that Mr. Hover filed an amended complaint on November 2, 2011.

Accordingly, it is

ORDERED that the Order of Dismissal and Judgment entered on November 3, 2011, are vacated because Plaintiff, David Hover, filed an amended complaint on November 2, 2011.

DATED at Denver, Colorado, this __7th__ day of __November__, 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court