IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02170-BNB

DAVID HOVER,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
TONY CAROCHI, Deputy Director of Prisons, C.D.O.C.,
C.C.A. DBA Bent County Corr. Facility,
AMICK & JENKS INC.,
CORRECTIONAL HEALTH PARTNERS (W.C.S.),
C/O TUPPER, C.D.O.C.,
C/O MEIS, C.D.O.C.,
C/O ALCORN, C.D.O.C.,
C/O BRUBAKER, C.D.O.C. P.P.M.U.,
C/O CHAVEZ, C.C.A. Unit Manager,
UNKNOWN JOHN DOE, C/O C.D.O.C.,
COMPASS GROUP,
COMPASS ONE L.L.C.,
CANTEEN SERVICES, and
UNKNOWN COMPANYS/CORPORATIONS, contracting/subcontracting for C.D.O.C.
    and/or C.C.A. as medical providers during the time period 2007 through 2011 at
    Fremont facility, Fort Lyons facility, Bent County correctional facility and Sterling
    correctional facility,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, David Hover, is a prisoner in the custody of the Colorado Department of Corrections (D.O.C.) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Hover initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 18 U.S.C. § 1514(a) for money damages and injunctive relief. He was granted leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.

On September 26, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Hover to file an amended complaint that did not attempt to assert criminal charges, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged the personal participation of each named defendant, and provided sufficient information about each John Doe defendant so that he or she could be identified for purposes of service.  On November 2, 2011, Mr. Hover filed an amended complaint for damages pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 4.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss **sua sponte** an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Hover is cautioned that his ability to file a civil action or appeal in federal court **in forma pauperis** pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Hover's filings liberally because he is a **pro se** litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a **pro se**

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part as legally frivolous pursuant to § 1915(e)(2)(B).

Once again, Mr. Hover attempts to assert criminal charges against the defendants.  As he was informed in the September 26 order for an amended complaint, he may not pursue the claims he is asserting pursuant to the federal criminal statute to which he cites.  Courts universally endorse the principle that private citizens cannot prosecute criminal actions.  *See, e.g.*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").  Therefore, Mr. Hover lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Mr. Hover's discussion of the nature of the case and two of his three claims are vague.  The Court first will discuss his first and third claims.  His first claim, concerning an alleged breach of contract, contains two subclaims.  Mr. Hover asserts that:

> The State of Colorado and/or D.O.C. have required by contract an action forbidden by contract, and sanctioned (both actions) by law creating a/an law with latent/apparent ambiguity wherein the plaintiff is denied earned time and/or given points that directly affect adversly [sic] my liberty interests.

> The contractors, through their agents and officers, Amich & Jenks, C.C.A., C.H.P. (W.C.S.), and XYZ Corp/Co. medical provider (an unknown as yet), Compass Group, Compass One L.L.C., Canteen Services have jointly and/or severally violated by religious practice, and due process/equal protection under the law.

ECF No. 17 (amended complaint) at 7.

Mr. Hover fails to make any factual allegations in support of either subclaim in claim one. Merely making the vague and conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Hover's first claim based upon vague and conclusory allegations will be dismissed as legally frivolous.

As his third claim, concerning the "denial of healthcare/cruel and unusual punishment," ECF No. 17 at 11, Mr. Hover asserts:

> C.D.O.C. and/or it's [sic] contractor C.H.P./W.C.S. via their agents, officers, and/or employees, is/are retaliating against the plaintiff for and since the filing of this suit and is/are failing to treat the plaintiff except when blood is/was dripping from his injured arm and then after more than an hours [sic] delay. They are failing to provide necessary, proper, and timely treatment, medication, medical appliances, or even, timely, accurate, and understandable diagnosis. This constitutes retaliation against a victim and cruel and unusual punishment for exercising a legal right. It may also be construed as depraved or deliberate indifference which the U.S. Supreme Court has, many times, ruled on.

ECF No. 17 (amended complaint) at 11.

Mr. Hover fails to assert facts in support of his third claim that demonstrate any Defendant in this action personally participated in the asserted constitutional violation. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Hover's third claim based upon vague and conclusory allegations also will be dismissed as legally frivolous.

As his second claim, which he describes as a claim concerning "suppression of evidence/cruel and unusual punishment," ECF No. 17 at 10, Mr. Hover alleges the confiscation of evidence to be used in an ongoing lawsuit while he was strip searched in front of an audience, including the defendant, Correctional Officer Meis, whom he asserts is a woman. He also asserts the second claim against the Colorado Department of Corrections, which is not a named defendant, or the CCA, and the following individuals: Chavez, Brubaker, Tupper, Alcorn, and Unknown John Doe. This claim will be drawn to a district judge and magistrate judge.

Mr. Hover fails to make any allegations against Colorado Governor John Hickenlooper or Tony Carochi, D.O.C. deputy director of prisons. As Mr. Hover was informed in the September 26 order for an amended complaint, he must assert the personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hover must name and show how named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link

between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010).  Therefore, Governor Hickenlooper and Mr. Carochi will be dismissed as parties to this lawsuit.

Accordingly, it is

ORDERED that claims one and three are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the following Defendants are dismissed as parties to this lawsuit:  John Hickenlooper, Tony Carochi, Amick & Jenks Inc., Compass Group, Compass One L.L.C., Canteen Services, and Unknown Companys [sic]/Corporation contracting/subcontracting for C.D.O.C. and/or C.C.A. as medical providers during the time period 2007 through 2011 at Fremont facility, Fort Lyons facility, Bent County correctional facility and Sterling correctional facility.   It is

FURTHER ORDERED that the clerk of the Court remove the names of John Hickenlooper, Tony Carochi, Amick & Jenks Inc., Compass Group, Compass One L.L.C., Canteen Services, and Unknown Companys [sic]/Corporation contracting/subcontracting for C.D.O.C. and/or C.C.A. as medical providers during the time period 2007 through 2011 at Fremont facility, Fort Lyons facility, Bent County

correctional facility and Sterling correctional facility as parties to this lawsuit.  It is

FURTHER ORDERED that remaining claim two and the case are drawn to a district judge and magistrate judge.  It is

FURTHER ORDERED that the only remaining defendants are:  C.C.A. - dba Bent County Correctional Facility, Correctional Health Partners (W.C.S.), and Correctional Officers Meis, Chavez, Brubaker, Tupper, Alcorn, and Unknown John Doe.

DATED at Denver, Colorado, this  1st  day of    December   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court