IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02170-WJM-BNB

DAVID HOVER,

Plaintiff,

v.

C.C.A. d/b/a BENT COUNTY CORR. FACILITY,
CORRECTIONAL HEALTH PARTNERS (W.C.S.),
C/O TURNER,
C/O MEIS,
C/O ALCORN,
C/O BRUBAKER,
C/O CHAVEZ, and
C/O UNKNOWN JOHN DOE,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion to Dismiss Pursuant to F.R.Cv.P. 41(a)(2)** [Doc. # 44, filed 1/20/2012] (the "Motion"). I held a hearing on the Motion this morning and made findings, which are incorporated here.

Rule 41(a)(2), Fed. R. Civ. P., provides in relevant part that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(1)(A)(ii), Fed. R. Civ. P., by comparison, permits the parties to dismiss a case without a court order upon the filing of "a stipulation of dismissal signed by all parties who have appeared." Although the plaintiff is proceeding under Rule 41(a)(2) which requires a court order, the record reveals that all parties in the action consent to its dismissal, and dismissal could be accomplished without a court order on the filing of a

stipulation.

I verified at the hearing this morning that it is the plaintiff's desire to voluntarily dismiss the case.  Consequently,

I respectfully RECOMMEND that the Motion [Doc. # 44] be GRANTED and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 12, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

2