**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02170-WJM-BNB

DAVID HOVER,

     Plaintiff,

v.

C.C.A. d/b/a BENT COUNTY CORRECTIONAL FACILITY,
CORRECTIONAL HEALTH PARTNERS (W.C.S.),
C/O TUPPER,
C/O MEIS,
C/O ALCORN,
C/O BRUBAKER,
C/O CHAVEZ, and
C/O UNKNOWN JOHN DOE,

     Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF U.S. MAGISTRATE JUDGE
AND DISMISSING ACTION WITHOUT PREJUDICE**

---

This matter is before the Court on the March 12, 2012 Recommendation of United States Magistrate Judge Boyd N. Boland (the "Recommendation") (ECF No. 57) that the Court grant Plaintiff's Motion to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) (the "Motion") (ECF No. 44). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The record indicates that Magistrate Judge Boland held a hearing on the Motion, at which the Magistrate Judge verified with Plaintiff that it is Plaintiff's desire to voluntarily dismiss this action. (ECF No. 57, at 2.) The Magistrate Judge also found that all parties to the action consent to the dismissal. (*Id.* at 1.)

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 39, at 9-10.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been filed by either party (over a more than four-week period). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

The Court concludes that Magistrate Judge Boland, in holding a hearing on the Motion and verifying with Plaintiff at the hearing that it is Plaintiff's desire to voluntarily dismiss this action, throughly analyzed the issues, and that "there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) advisory committee's note.

In accordance with the foregoing, the Court ORDERS as follows:

(1)   The Magistrate Judge's Recommendation (ECF No. 57) is ADOPTED in its entirety;

(2)   Plaintiff's Motion to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) (ECF No. 44) is GRANTED;

(3)   This action is hereby DISMISSED WITHOUT PREJUDICE;

(4)   The parties shall bear their own costs;

(5)   Plaintiff's Motion for Appointment of Counsel (ECF No. 32) is DENIED AS MOOT;

(6)  Plaintiff's Motion for Injunction (Mandatory) for Accommodation (ECF No. 33) is DENIED AS MOOT;

(7)  Plaintiff's Motion for Dismissal of Felony Charges (ECF No. 34) is DENIED AS MOOT;

(8)  Plaintiff's Motion for Mandatory Injunction (ECF No. 35) is DENIED AS MOOT;

(9)  Plaintiff's Motion for Relief from a Judgment or Order (ECF No. 36) is DENIED AS MOOT;

(10) Plaintiff's Motion for Joinder of Defendants (ECF No. 37) is DENIED AS MOOT;

(11) Defendant Correctional Health Partners' Motion to Dismiss (ECF No. 39) is DENIED AS MOOT; and

(12) Defendants Tupper, Meis, Alcorn, and Brubaker's Motion to Dismiss (ECF No. 48) is DENIED AS MOOT.

Dated this 10th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge